CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 0 8 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THEODORA LANETTE CRAWFORD,<br>Petitioner,<br><br>v.<br><br>JUDGE HOGSHIRE,<br>Respondent. | Civil Action No. 7:05-cv-00745<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Theodora Lanette Crawford, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner Crawford challenges the validity of her 2004 convictions for credit card theft, fraud, forgery and uttering in the Circuit Courts of Charlottesville, Albemarle County, and Fluvanna County. She is currently serving a sentence of seven years and six months imprisonment imposed for these convictions. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief. As to plaintiff's claims regarding prison living conditions and medical treatment, however, the court will direct the clerk to file petitioner's pleadings as a separate civil rights action, pursuant to 42 U.S.C. § 1983.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia,

1

that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by the Court of Appeals of Virginia, in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme Court of Virginia; or in a habeas petition filed directly in the Supreme Court of Virginia. See Va. Code §8.01-654(A)(1) and §17.1-411.

In this case, the petition clearly shows that petitioner has not presented her claims to the Supreme Court of Virginia as required. The petition states that after her conviction, petitioner did not appeal or file any other court petition concerning any of her convictions. Petitioner's failure to exhaust state remedies as to each of her claims mandates summary dismissal of the petition by this court.[1] An appropriate final order will be entered this day.

Petitioner may refile her federal habeas claims if she is unsuccessful in obtaining relief after presenting her claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that her time to file state or federal habeas petitions is very limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2). She is also advised that she should challenge the judgment(s) of only one court in each habeas petition; therefore, she will need to file three habeas petitions in order to challenge her convictions in three different jurisdictions.

Finally, petitioner also complains in her petition that living conditions in prison are uncomfortable and that prison officials have not provided the medical treatment she believes she needs for certain medical problems. Because these claims do not affect the fact or length of

---

[1] Petitioner alleges that her mental health problems played some role in her commission of the crimes and hampered her ability to understand the criminal proceedings against her. To the extent that she challenges the validity of her conviction and/or sentence in relation to her medical or mental health problems, she must present such claims first to the Supreme Court of Virginia and receive a ruling from that court before this court could address them in a habeas petition.

petitioner's conviction or sentence, they are properly construed as civil rights claims, pursuant to 42 U.S.C. § 1983. Under this provision, a litigant may sue state officials for violations of constitutional rights. The court will construe and conditionally file petitioner's claims about prison conditions and medical treatment in prison as a separate § 1983 action. As an inmate seeking to bring § 1983 claims, however, petitioner must first exhaust administrative remedies at the prison by utilizing the prison's grievance procedures and taking all available appeals. She must also prepay, or consent to pay in installments, the $250.00 court filing fee for bringing a civil action. If petitioner wishes to pursue her claims regarding conditions and medical treatment, she must comply with these requirements as set forth in a separate filing order in the new § 1983 case that the court will file, or that case will also be dismissed without prejudice.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 8th day of December, 2005.

_____
Senior United States District Judge

3